IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRED GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-017-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Fred Gonzales, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On March 27, 2012, in the 266th District Court of Erath County, Texas, a jury found Petitioner guilty of possession of a substance in penalty group one (one gram or more but less than four grams), Petitioner pleaded true to an enhancement allegation, and the jury sentenced him to twenty-five years' confinement in TDCJ. Pet'r's Mem. in Support 55, ECF No. 2.[1] Petitioner filed an untimely notice of appeal, which was dismissed by the Eleventh District Court of Appeals of Texas for want of jurisdiction on May 31, 2012. Mem. Op. 2, ECF No. 11-5. Petitioner filed a state habeas application challenging the conviction on June 27, 2013, which was denied by the Texas

---

[1] The pagination in the ECF header is used.

Court of Criminal Appeals on October 30, 2013, without written order.[2] Admin. R., Writ cover, ECF No. 15-1 & Writ 23, ECF No. 15-2. This federal petition for habeas relief challenging his conviction was filed on January 10, 2014.[3] Pet. 10, ECF No. 1.

Petitioner raises four grounds for relief, alleging ineffective assistance of counsel. Pet. at 6-7 & Inserts, ECF No. 1. In grounds one, two and four, Petitioner claims his trial counsel, Shay Isham, was ineffective by failing to file pretrial motions, to adequately investigate and prepare for trial, and to file a timely notice of appeal on his behalf. In ground three, he claims appellate counsel, M. Alan Nash, was ineffective by failing to file a timely motion to extend time to file a notice of appeal. Respondent asserts the petition is time-barred under the federal statute of limitations.

**II. DISCUSSION**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

---

[2]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on June 27, 2013; thus, the Court deems the state application filed on June 27, 2013, for purposes of this Opinion.

[3]Similarly, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

>recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. The period of the pendency of a direct appeal dismissed for lack of jurisdiction because the appeal itself is untimely, is not counted as part of the time before "the judgment became final by the conclusion of [direct] review" under § 2244(d)(1)(A). *See Tharpe v. Quarterman,* No. 4:08-CV-366-A, 2009 WL 1505195, at *2 (N.D.Tex. May 27, 2009) (providing the period of the pendency of a direct appeal dismissed for lack of jurisdiction because the appeal itself was untimely, cannot be counted as part of the time before the "judgment became final by the conclusion of direct review" under 28 U.S.C. § 2244(d)(1)(A), because the untimely, invalid appeal failed to extend the pendency of such direct review), *aff'd on other grounds by Tharpe v. Thaler,* 628 F.3d 719 (5th Cir. 2010); *Zinsou v. Dretke,* No. 4:04-CV-0556-A, 2004 WL 2165378, at *2 (N.D.Tex. Sep. 24, 2004), *adopted,* 204 WL 2381243 (N.D.Tex. Oct. 22, 2004) (same); *Kessinger v. Cockrell,* No. 4:02-CV-863-A, 2003 WL 22056005, at *3 (N.D.Tex. Feb.11, 2003) (same); *Medford v. Cockrell,* No. 4:01-CV-237-Y, 2001 WL 1658150, at *1 n. 2 (N.D.Tex. Dec.21, 2001) (same); *Lavarry v. Johnson,* No. 3:00-CV-2449-G, 2001 WL 376335, at *2-3 (N.D.Tex. Apr.12, 2001), *adopted,* 2001 WL 484426

3

(N.D.Tex. May 2, 2001) (same). Therefore, for purposes of subsection (A), the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on April 26, 2012,[4] and closed one year later on April 26, 2013, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application filed on June 27, 2013, after limitations had already expired, did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner alleged or demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013) (referencing 28 U.S.C. § 2244(d)(1)); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner asserts that late notice of the court of appeals' decision dismissing his appeal and his actual innocence present extraordinary circumstances warranting equitable tolling. Pet. 9, ECF No. 1. According to Petitioner, he did not receive notice from his appellate counsel that his appeal was dismissed on May 31, 2012, because counsel's letter was lost in the prison mailing system and he did not learn of the dismissal until he received correspondence dated December 12, 2012, from the court of appeals in response to his own inquiry. Pet. 9, ECF No. 1. Although late notice of state court rulings can justify equitable tolling in some circumstances, the circumstances of this case do

---

[4]Petitioner asserts that the limitations period did not commence until the state court of appeals issued its mandate on September 17, 2012, however that date is irrelevant to the computation of the limitations period. *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003).

(N.D.Tex. May 2, 2001) (same). Therefore, for purposes of subsection (A), the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on April 26, 2012,[4] and closed one year later on April 26, 2013, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application filed on June 27, 2013, after limitations had already expired, did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner alleged or demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013) (referencing 28 U.S.C. § 2244(d)(1)); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner asserts that late notice of the court of appeals' decision dismissing his appeal and his actual innocence present extraordinary circumstances warranting equitable tolling. Pet. 9, ECF No. 1. According to Petitioner, he did not receive notice from his appellate counsel that his appeal was dismissed on May 31, 2012, because counsel's letter was lost in the prison mailing system and he did not learn of the dismissal until he received correspondence dated December 12, 2012, from the court of appeals in response to his own inquiry. Pet. 9, ECF No. 1. Although late notice of state court rulings can justify equitable tolling in some circumstances, the circumstances of this case do

---

[4]Petitioner asserts that the limitations period did not commence until the state court of appeals issued its mandate on September 17, 2012, however that date is irrelevant to the computation of the limitations period. *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003).

not warrant it. Even assuming Petitioner first became aware of the court of appeals' dismissal of his appeal on or about December 12, 2012, he waited over six months to file his state habeas application and nearly thirteen months to file his federal petition. Pet'r's Mem. 13, ECF No. 2. Such delay in seeking state and federal relief precludes equitable tolling. *See Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Furthermore, a petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner points to no new, reliable evidence to show he is actually innocent of the crime for which he was convicted.

In summary, Petitioner's federal petition was due on or before April 26, 2013. Therefore, his petition filed on January 10, 2014, was filed beyond the limitations period and is untimely.

**III. CONCLUSION**

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred. Further, for the reasons discussed herein, a certificate of appealability is DENIED. All motions not previously ruled upon are DENIED.

**SO ORDERED** on this 5th day of December, 2014.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**